# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WOODHAVEN HOMES & REALTY, INC.,

        **Plaintiff,**

    vs.                               **Case No. 01-C-778**

BARBARA HOTZ and DALE HOTZ,

        **Defendants,**

    vs.

DOUGLAS E. ROBBINS and ROBBINS
ELECTRIC, INC.,

        **Defendants.**

# DECISION AND ORDER

This is a copyright dispute back in this Court after remand. The case now presents one question: what amount of attorney fees are "reasonable" to award Douglas E. Robbins and Robbins Electric, Inc. (collectively "Robbins") under 17 U.S.C. § 505.

## I. BACKGROUND

Woodhaven Homes and Realty, Inc. ("Woodhaven") is in the business of building and selling homes. After visiting a Woodhaven home, Barbara and Dale Hotz (the "Hotzes") were impressed enough to purchase custom blueprints from Woodhaven for $1500. Woodhaven and the Hotzes did not sign a contract, however. Later, the Hotzes hired Robbins to construct a home in a suburb of Milwaukee, Wisconsin, using the plans the Hotzes purchased from

Woodhaven. When Woodhaven found out about the Hotzes arrangement with Robbins, Woodhaven sued both the Hotzes and Robbins for copyright infringement and unjust enrichment. Robbins counterclaimed against Woodhaven alleging that Woodhaven's copyright was invalid. Ultimately, Robbins prevailed at the summary judgment phase over Woodhaven's claims of infringement.

Having defeated Woodhaven's copyright infringement claim, Robbins moved for an award of costs and attorney fees under 17 U.S.C. § 505, which provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The Court denied Robbins's motion in an opinion dated July 29, 2003. In that opinion, the Court noted that § 505 saddles Robbins with a "'twofold burden of proof: first, it must establish that the circumstances entitle it to such costs and fees, and second, it must prove the reasonableness of those costs and fees in terms of necessity and amount.'" (Decision & Order July 29, 2003 (quoting *NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 757 (N.D. Ill. 1996)).

To determine whether Robbins should be awarded fees, the Court examined several "nonexclusive factors" laid out by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994). Those factors include "frivolousness, motivation, objective unreasonableness (both in factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* These factors are to be applied

"faithful[ly] to the purposes of the Copyright Act and . . . to prevailing plaintiffs and defendants in an evenhanded manner." *Id.* Noting that Robbins sought to recover costs and attorney fees on a variety of defenses that had never even been presented in the litigation (Robbins claimed to have several summary judgment motions in the offing just in case its first one was denied), the Court denied its motion. The Court concluded that "[r]eimbursing Robbins on the basis of copyright defenses which were never litigated in this Court would . . . not advance the goals of the Copyright Act."

On appeal, the Seventh Circuit noted that "in the time period since the district court's decision, we issued an opinion clarifying the *Fogerty* standard." *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005). That opinion is *Assessment Technologies of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004), and in it the Seventh Circuit held that there is a strong presumption in favor of awarding fees to defendants who prevail in copyright actions. Applying *Assessment Technologies*, the Seventh Circuit held that "[i]n this case, like *Assessment Technologies*, awarding attorney fees is appropriate." *Woodhaven Homes*, 396 F.3d at 824. That holding left only one determination for this Court: what award of attorney fees is reasonable? *Id.*

The parties briefed the issue of fees once, but that was before the Seventh Circuit remanded the case, and those briefs focused primarily on whether fees should be awarded; the issue of reasonableness was not well-developed. In its initial brief, Robbins argued that it is entitled to over $220,000 in legal fees and costs, but provided one table showing only the cumulative monthly bills. Absent was any detail on how the bills had been incurred. In response,

Woodhaven argued that not only was the amount requested excessive, but also that without detail the Court could not properly determine whether such fees and costs were reasonable. In reply, Robbins submitted *some* detailed billing information—namely, monthly invoices and descriptions of the work done each month.

But those details present several problems. Without spending time on minutiae, suffice it to say that Robbins's supporting exhibits contain discrepancies. Compare, for example, the table entitled "Summary of Invoices Regarding Woodhaven v. Hotz et al." (attached as Ex. 1 to Robbins's Br. Supp. Mot. for Atty's Fees and Other Costs, Docket No. 160), which shows a total of $223,209.14 in fees and costs over the course of litigation, with the invoices provided to the Court (attached as Ex. A to the Decl. of Sharon Janus, itself Ex. 8 of Docket No. 171) which total $220,003.95.

Moreover, all of the details Robbins has supplied the Court are organized by month rather than by task. The monthly invoices are unhelpful. The Court cannot determine whether it was reasonable to incur $37,000 in fees and costs in one month without knowing *how* the fees and costs were incurred (for example, all $37,000 on a two-page motion would probably be unreasonable). Perhaps to rectify that shortcoming Robbins also submitted with its reply brief monthly billing details. Those provide little additional help. The billing details are anywhere from one to five pages long and include entries like this:

"11/24/2002          ERA          4.0 Hrs.          work on reply briefs to Woodhaven,"

"05/07/2003          DMW          4.8 Hrs.          (paralegal services) work on 505 brief,"

"11/26/2002          ERA          9.5 Hrs.          continued work on motions and briefs."

-4-

The Court will not parse the records to determine on *which* reply brief ERA spent 4.0 hours working on 11/24/2003, or which motions and briefs ERA worked on for 9.5 hours on 11/26/2002. And the Court most certainly will not extrapolate that the 9.5 hours on "motions and briefs" was a reasonable expense without knowing more. Moreover, entries for work on the "505 brief" (like many other billing entries) span several months. The Court will not search twenty-three months of billing details for entries on the "505 brief" or "summary judgment brief" to determine the aggregate fees and costs for work on a particular motion. This position is fair to both parties. Woodhaven cannot be made to pay costs and fees that have not been properly tested for reasonableness, and Robbins should not be denied full and proper recovery because the Court cannot put together the puzzle of its time sheets.

When the parties brief this time, they should keep several things in mind. First, in detailing the costs and fees, Robbins should organize its reports according to the type of work done. For example, rather than saying that it was billed $37,000 one month, Robbins should show how much it was billed for a particular motion regardless of when Robbins's attorneys worked on the motion. After all, how much one was billed for legal services during one month is hardly an insight into whether his attorneys have spent a reasonable amount of time and energy on a particular matter. Second, whether it is reasonable for Robbins to recover costs and fees for motions it never filed is an issue the parties should brief. As the Court noted earlier, Robbins claims to have had several summary judgment motions that it never filed. Accordingly, Robbins's billing details should clearly note whether a particular motion was ever filed. Third, Robbins has already been awarded attorney's fees and costs for two motions to compel, yet

Robbins's billing details include the fees and costs for those motions to compel. Unless Robbins has an excellent reason that it should be allowed to recover those costs and fees again (and the Court can conceive of none), those costs and fees ought not be resubmitted. Of course, the Court is confident that Woodhaven will catch other similar problems, if they exist, and bring them to the Court's attention. For now, it is enough to say that the issue of reasonableness in attorney fees and costs has not been carefully briefed. The parties may also brief any other issues pertaining to reasonableness of fees and costs that they see fit.

Finally, a note on the rates charged by Robbins's attorneys. Robbins is represented by a five-attorney firm specializing in intellectual property law. The hourly rates for attorneys within that firm range from $200 for associates to $295 for partners. The attorney who primarily worked on this case for Robbins is an associate with nineteen years of experience. To show that its lawyers' rates are reasonable, Robbins has provided not only a survey of intellectual property lawyer's rates, but also the declaration of a practitioner from another local law firm who can attest that such rates are reasonable. There can be little debate over whether the hourly rates charged by Robbins's attorneys were reasonable and there is no need to brief the issue. The Court finds that Robbins's attorneys' hourly rates were reasonable.[1] This matter is now returned to the parties for briefing (and detailing) the issue of reasonableness consistent with this opinion.

---

[1] Paralegals at Robbins's attorneys' firm are billed out at $70 to $100 dollars an hour—also a reasonable rate.

Case 2:01-cv-00778-RTR   Filed 08/09/05   Page 6 of 7   Document 215

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The parties **SHALL** brief the issue of reasonable attorney fees and costs to which Robbins is entitled under 17 U.S.C. § 505 according to the following schedule:

(1) Robbins **SHALL** submit its brief no later than September 12, 2005.

(2) Woodhaven **SHALL** submit a response brief no later than October 3, 2005.

(3) Robbins **MAY** submit a reply brief no later than October 17, 2005.

Dated at Milwaukee, Wisconsin this 9th day of August, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

_____

**Hon. Rudolph T. Randa**
**Chief Judge**