# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**WOODHAVEN HOMES & REALTY, INC.,**

        Plaintiff,

   **-vs-**

**Case No. 01-C-778**

**BARBARA AND DALE HOTZ,**

        Defendant,

   **-vs-**

**DOUGLAS E. ROBBINS and
ROBBINS ELECTRIC, INC.,**

        Defendants.

---

## DECISION AND ORDER

---

This copyright dispute was remanded by the Seventh Circuit to determine one issue: what amount of attorney fees are "reasonable" to award Douglas E. Robbins and Robbins Electric, Inc. (collectively "Robbins") under 17 U.S.C. § 505. Robbins seeks recovery of over $360,000 in attorney's fees, plus a 15% enhancement to adjust for the delay in payment. Woodhaven Homes & Realty, Inc. ("Woodhaven") argues that Robbins should not be awarded any fees. In the event the Court does allow fees, Woodhaven argues that the award should only be in the amount of $24,125.45.

For the reasons that follow, the Court concludes that Robbins is entitled to an award of $75,000.00 in attorney's fees under § 505.

## BACKGROUND

The Court will once again attempt to navigate the long and tortured procedural history of this case, discussing only those matters that are relevant to the Court's determination.

Woodhaven is in the business of building and selling homes. After visiting a Woodhaven home, Barbara and Dale Hotz (the "Hotzes") purchased custom blueprints from Woodhaven for $1500. Woodhaven and the Hotzes did not sign a contract. The Hotzes proceeded to hire Robbins to construct a home in Mukwonago, a suburb of Milwaukee, using the plans the Hotzes purchased from Woodhaven. The Hotzes jointly and severally executed an agreement to hold Robbins Electric harmless of any claim of copyright infringement that may arise (the "Hold Harmless Agreement"). When Woodhaven discovered this arrangement, they sued Robbins and the Hotzes for copyright infringement. Robbins brought a cross-claim against the Hotzes for indemnification.

Robbins moved to dismiss for lack of jurisdiction, arguing that Woodhaven had failed to register its copyright prior to filing its lawsuit. In response, Woodhaven stipulated to dismiss Robbins from the lawsuit. After registering its copyright, Woodhaven amended the complaint to add Robbins. Subsequently, the Court dismissed Woodhaven's amended complaint because Woodhaven failed to register its copyright prior to filing the underlying lawsuit. The Court reasoned that the "relevant jurisdictional fact, which cannot be changed by amending the complaint, is that registration of the copyright had not been made" when Woodhaven filed the complaint. (*See Woodhaven v. Robbins, et al.*, Case No. 00-C-1497, Docket No. 30, July 11, 2001 Decision and Order at 8-9).

-2-

Case 2:01-cv-00778-RTR   Filed 01/04/07   Page 2 of 16   Document 228

Woodhaven re-filed its complaint, and the underlying action proceeded in Case No. 01-C-778. Robbins moved to dismiss under Fed. R. Civ. P. 41(a)(1). Rule 41(a)(1), which governs voluntary dismissals, provides, as relevant, that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." Robbins argued for an extension of Rule 41(a)(1)'s "two-dismissal rule" to cover situations where the second dismissal is other than voluntary. "It is patently inequitable," Robbins argued, "to allow Woodhaven to bring an action *for a third time*, when, despite no urgency, Woodhaven opted to file an action for copyright infringement without the requisite copyright registration." (Docket No. 28, February 13, 2002 Decision and Order at 4 (emphasis in original)).

The Court declined Robbins' invitation to extend Rule 41(a)(1)'s two-dismissal rule. However, the Court *sua sponte* ordered Woodhaven to pay Robbins the attorneys' fees that it incurred in defending the two previous dismissals. The Court did so because of the lack of "an explanation of why, in the absence of time pressure, [Woodhaven] raced to the courthouse a second time to re-file this action, *after* Robbins had provided it with notice of the lack of jurisdiction over the claims." (Docket No. 28, February 13, 2002 Decision and Order at 5 (emphasis in original)). Therefore, pursuant to Rule 41(d),[1] the Court ordered

---

[1] Rule 41(d) provides: "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

-3-

Woodhaven to pay Robbins $17,040.42 in attorney's fees, and imposed a stay on proceedings not to be lifted until such payment was made.

On April 19, 2002, the Court granted Woodhaven's motion to reconsider the award of attorneys' fees. The Court reasoned that its prior characterization of the procedural history and jurisdictional deficiencies of the case was not entirely accurate. Rather, "Robbins brought the [second] alleged jurisdictional defect to Woodhaven's (and the Court's) attention, via a motion to dismiss for lack of subject matter jurisdiction, *after Woodhaven attempted to amend the complaint*. Thus, Woodhaven did not race to the courthouse and re-file its action after being informed of a potential jurisdictional problem. Woodhaven simply let the Court rule on the motion to dismiss, and thus, determine for itself whether jurisdiction was proper." (Docket No. 57, May 21, 2002 Decision and Order at 5-6 (emphasis in original)).

Following this already extensive motion practice, the Court entered a scheduling order on July 17, 2002. The Court set discovery deadlines for fact discovery (10/31/02) and expert discovery (12/31/02). The Court also set a dispositive motion deadline for February 28, 2003. The matter was referred to mediation, which was unsuccessful.

On October 9, 2002, Robbins filed a motion for summary judgment. Robbins moved for summary judgment to dismiss Woodhaven's complaint against Douglas Robbins individually; summary judgment of non-infringement against Woodhaven; and for partial summary judgment against the Hotzes for a determination of the validity and enforcement of the Hold Harmless Agreement.

In December 2002, Robbins filed a motion to find the Hotzes in contempt, for default judgment against the Hotzes, and to strike the Hotzes answers to the cross-complaint and their response to Robbins' motion for summary judgment, followed by a motion for Rule 11 sanctions against Woodhaven.

On February 11, 2003, the Court entered an order which: (1) granted Douglas Robbins' motion for summary judgment against Woodhaven, (2) granted Robbins Electric's motion for summary judgment against Woodhaven, (3) denied Robbins' motion for partial summary judgment against the Hotzes, (4) denied Robbins' motion to find the Hotzes in contempt, and (5) denied Robbins' motion for Rule 11 sanctions against Woodhaven. The Court held that Robbins could not be held liable for infringement because there was no evidence that Robbins copied any of Woodhaven's blueprints. The Court also held that the Hold Harmless Agreement executed by the Hotzes did not cover Robbins' attorney's fees. As for the motion to hold the Hotzes in contempt, the Court found Robbins' argument that Barbara Hotz lied during her deposition and was attempting to shield her husband from deposition to be "wholly circumstantial and unconvincing." (Docket No. 128, February 11, 2003 Decision and Order at 16). Finally, the Court denied Robbins' Rule 11 motion because it could not characterize Woodhaven's legal arguments and/or factual contentions as frivolous.

Later that month, Robbins moved the Court for another order finding Dale Hotz in contempt. The Court denied this motion, referring back to its prior decision that Robbins'

arguments were circumstantial and unconvincing. Robbins moved to reconsider, which the Court denied as a matter of course.

On April 24, 2003, Woodhaven and Robbins stipulated to dismiss Woodhaven's remaining unjust enrichment claim against Robbins.

On June 5, 2003, the Court granted the Hotzes' motion for summary judgment. This motion was brought with respect to Robbins' cross-claims against the Hotzes for reimbursement of attorney's fees under the Hold Harmless Agreement. The Court held, consistent with its prior reasoning, that neither the common law nor the Agreement itself required the Hotzes to reimburse Robbins for their attorney's fees.

On July 15, 2003, the Court issued an order which denied Robbins' motions for fees under 17 U.S.C. §§ 505 and 1325, but granted Robbins' motion for fees under Rule 68. The Court denied the § 505 motion because Robbins failed to establish that the amount of attorney's fees requested was reasonable. The Court denied the § 1325 motion because Robbins failed to meet its burden of demonstrating that Woodhaven obtained its copyright registration through a "false or fraudulent representation." The Court granted Robbins' Rule 68 motion for fees incurred subsequent to an offer of judgment, because Woodhaven did not recover an amount in excess of a previous settlement offer.

Both Robbins and Woodhaven moved to reconsider the Court's July 2003 Order on fees. In a July 29, 2003 Decision and Order, the Court noted that Robbins had *prima facie* met its burden of supporting the reasonableness of its fees. However, the Court still denied Robbins' § 505 motion because it sought reimbursement for work associated with arguments

-6-

which were never litigated by the Court. "Reimbursing Robbins on the basis of copyright defenses which were never litigated in this Court would therefore not advance the goals of the Copyright Act, and Robbins' motion for costs and fees under § 505 must be denied." (Docket No. 183, July 29, 2003 Decision and Order at 3. The Court also vacated its decision to grant Robbins' motion for fees under Rule 68, because Robbins was a non-prevailing party ineligible to receive post-offer attorney's fees under Rule 68. (*Id.* at 4).

On August 1, 2003, the Court held a final pretrial conference call and directed the parties to brief their positions on the pending status of Douglas Robbins and Robbins Electric, wherein Robbins intended to pursue its counterclaims against Woodhaven for invalid copyright. In the meantime, Robbins moved the Clerk of Court to enter judgment on the Court's Order granting the Hotzes' motion for summary judgment, as well as on the Court's Order denying Robbins' motion to hold Dale Hotz in contempt.

Later in August 2003, Robbins filed a notice of appeal with respect to the Court's July 29, 2003 Order on attorney's fees. This appeal was eventually dismissed by the Seventh Circuit for lack of jurisdiction.

On October 16, 2003, the Court denied Robbins' motion for entry of judgment. "The tension between the presumptive rule of one appeal per case and the utility of segregating separate claims for immediate appeal 'is committed to the informed discretion of the district judge.' . . . Robbins has not provided any reason why this portion of the case should be resolved immediately." (Docket No. 200, October 16, 2003 Decision and Order at 1 (internal citations omitted)).

On October 20, 2003, the Court issued an Order which precluded Robbins from pursuing its claim for invalid copyright and dismissed Robbins and Robbins Electric from the remainder of the litigation. The Court acknowledged that a natural line of defense to a claim of copyright infringement is copyright invalidity. However, Woodhaven's copyright infringement claim was previously dismissed because Woodhaven failed to present sufficient evidence that Robbins copied its plans. (Docket No. 128, February 11, 2003 Decision and Order). Robbins therefore failed to state a claim because a declaration of invalidity does not provide its own cause of action (outside of certain enumerated exceptions), and Robbins "does not even allege an apprehension of further liability due to any intentions that it may have to continue to use material over which Woodhaven is asserting a copyright infringement." (Docket No. 201, October 20, 2003 Decision and Order at 4).

In November 2003, the remaining claims between Woodhaven and the Hotzes were dismissed pursuant to a settlement stipulation. The case then went to the Seventh Circuit on appeal.

The Seventh Circuit affirmed the Court's denial of Robbins' motion for relief under 17 U.S.C. § 1325, because "Robbins failed to conclusively establish that Woodhaven engaged in fraudulent behavior." *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 825 (7th Cir. 2005). The Seventh Circuit also upheld the Court's grant of summary judgment in favor of the Hotzes on Robbins' claim for indemnification under the Hold Harmless Agreement. *Id.* However, the Seventh Circuit remanded the case for further proceedings on Robbins' request for attorney's fees and costs under 17 U.S.C. § 505. It did so because this

Court initially "evaluated the fees issue without the benefit of" *Assessment Technologies of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434 (7th Cir. 2004), a decision issued after the Court's decision on fees under § 505. *Woodhaven Homes*, 396 F.3d at 824. After remand, the Court directed the parties to submit briefing on the reasonableness of Robbins' attorney's fees.

**ANALYSIS**

17 U.S.C. § 505 provides that in a copyright infringement action, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." Prevailing plaintiffs and prevailing defendants (like Robbins in the instant case) are treated alike, but attorney's fees are awarded to prevailing parties only as a matter of the court's discretion. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). However, when the "prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong. For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights." *Assessment Technologies*, 361 F.3d at 437 (internal citations omitted).

In light of this exceedingly strong presumption, the Court has no trouble concluding that an award of attorney's fees is appropriate in the instant case, and the Seventh Circuit has already held that Robbins is entitled to such an award. *See Woodhaven Homes*, 396 F.3d at 824 ("[i]n this case, like *Assessment Technologies*, awarding attorney fees is appropriate"). The Court still must determine what amount is reasonable, based on the hours worked by Robbins' attorneys and legal support staff.

-9-

Case 2:01-cv-00778-RTR    Filed 01/04/07    Page 9 of 16    Document 228

The "lodestar" figure, obtained by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, is presumed to be the reasonable fee. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). The Court has already concluded that the hourly rates charged by Robbins' attorneys and paralegals is reasonable. Docket No. 215, August 9, 2005 Decision and Order at 6. As to the amount of hours, they must be "reasonably expended." "Cases may be overstaffed, and the skill and expertise of lawyers vary widely. Counsel for the [requesting party] should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

The most important factor used to determine the reasonableness of a fee request is the result obtained. Where a party has obtained "excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the [requesting party] failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435. Litigants "in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.* A "plaintiff is not to be denied full attorneys' fees merely because he lost some interim rulings en route to ultimate success. Such setbacks are well-nigh inevitable, and a lawyer who nevertheless was sedulous to avoid them might lose a good

-10-

case through an excess of caution." *Alliance to End Repression v. City of Chicago*, 356 F.3d 767, 770 (7th Cir. 2004).

However, in some cases (and this is such a case), a party may present "distinctly different claims for relief that are based on different facts and legal theories." *Hensley*, 461 U.S. at 434. In such cases, "counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Id.* at 435 (internal citation omitted).

Therefore, the Court must analyze the reasonableness of Robbins' fees while considering the "relationship between the amount of the fee awarded and the results obtained" in the litigation. *Hensley*, 461 U.S. at 437. The results obtained by Robbins were positive – dismissal from the lawsuit, the avoidance of monetary liability, and an ultimate ruling by the Seventh Circuit that it was entitled to an award of attorneys' fees. However, this was not a "high stakes case, as Woodhaven claimed only $55,000 in damages. Indeed, Robbins' fees nearly surpassed the value of the Hotzes' home." *Woodhaven Homes*, 396 F.3d at 824-25. It appears that Robbins spent $360,000 to avoid a $55,000 adverse judgment and to recover its fees.

The Court is mindful that the fee award need not be tied to the actual amount of damages at issue. *See International Korwin Corp. v. Kowalczyk*, 855 F.2d 375 (7th Cir. 1988) (allowing $21,500 in attorney's fees to a plaintiff who was awarded $4,500 in statutory damages in infringement). Defendants accused of commercial copyright infringement have a variety of reasons to litigate unrelated to the damages sought in a specific case. These

-11-

include maintaining the defendant's commercial reputation, maintaining the ability to continue the use of a particular design and/or terminating the alleged monopoly of the plaintiff in the design. *See Trico Products Corp. v. Anderson Co.*, 147 F.2d 721, 722 (7th Cir. 1945). Therefore, it was not presumptively unreasonable for Robbins to continue litigating as its legal fees escalated. At the same time, this principle mitigates against the measure of success obtained by Robbins in this litigation, as Robbins did not prevail on its claim for invalid copyright. And as the Court noted in the context of Robbins' continuing efforts to litigate its claim for invalid copyright, Robbins did not allege any future intent to use the copyright, so it is unclear how important such a result would have been for Robbins. The Court has reviewed the bills submitted by Robbins in light of all of the foregoing considerations and legal principles.

The Court finds that the following billing categories can be eliminated without much discussion as they are related to Robbins' unsuccessful cross-claim against the Hotzes: Second District Court Case (01-C-778) – Motion to Compel Discovery – Hotzes, Filed ($2,020.00); Motion to Hold Hotzes in Contempt, Filed ($5,818.00); Reply to Hold Hotzes in Contempt, Filed ($4,420.00); Second Motion to Hold Hotzes in Contempt, Filed ($3,983.00); Evidence Supporting Motion for Contempt ($780.00); Motion to Reconsider Order Denying Contempt Motion Against Hotzes, Filed ($5,388.00); Deposition of Dale Hotz ($3,040.00); Deposition of Barbara Hotz ($1,640.00); Partial Summary Judgment,

Hotzes Reply, Filed ($5,500.00); Response to Hotz Summary Judgment, Filed ($10,072.00); Communication with Attorney Hudec,[2] Miscellaneous ($3,313.00).

Robbins argues that any fees related to their cross-claim against the Hotzes should be included because when Woodhaven sued Robbins, "a cross-claim for indemnification was necessarily born." (Docket No. 216, Robbins' Brief in Support of Motion for Attorney's Fees at 14). That may be true, but the Hotz cross-claim is completely unrelated to Robbins' success in this lawsuit with respect to Woodhaven. Any fees that were clearly related to the Hotz cross-claim should be excluded because such work was not expended in pursuit of the ultimate successful result achieved – dismissal of Woodhaven's claims against Robbins.

Moreover, Robbins' victory against Woodhaven was obtained in February 2003 when the Court granted Robbins' motion for summary judgment of non-infringement and against piercing the corporate veil, followed by the stipulated dismissal of Woodhaven's remaining unjust enrichment claim in April 2003. Robbins' subsequent pretrial activities and insistence upon proceeding with its declaratory action for invalid copyright are unrelated to Robbins' success in this matter and Robbins should not be awarded their fees for those activities. Accordingly, the Court finds that the request for fees related to Pretrial Matters ($7,429.00)[3] is not allowed.

Finally, the Court will also exclude Robbins' request for fees related to the first district court action ($15,892.00). Such an award is simply not supported by the plain

---

[2] Hudec was the Hotzes' attorney.

[3] The Court will allow $330.00 of this entry, for the two entries in 2002 (10/15/02 – DMW, $280.00; 6/19/02 – DMW, $50.00).

-13-

language of § 505, which allows for an award of fees to a "prevailing party." Robbins prevailed in that case, and any request for fees under § 505 or any other statute or rule should have been made in connection therewith.

In the Court's estimation, the remaining fees are more clearly related to the success achieved by Robbins in this litigation, even if some of those efforts were unsuccessful. For example, the initial motion to dismiss under Rule 41(a)(1), the Rule 11 motion for sanctions (via compliance with the safe harbor provision), and attendance at mediation/settlement conferences all were directed towards the dismissal of Woodhaven's claims against Robbins. The motions relating to an award of attorney's fees, both appeals made to preserve Robbins' right to attorney's fees, and the briefing on the issue of the reasonableness of Robbins' attorney's fees are also related to Robbins' successes in this litigation.

However, what remains after deducting the excluded matters above is still a sizable amount. In the Court's estimation, the total amount requested by Robbins, not including costs, is $368,427.35. The Court reached this total by adding the amount requested for the first district court action ($15,892.00), the second district court action ($260,284.50), the first appeal ($3,038.00), the second appeal ($43,109.00), and the prebills for September ($25,638.50), October ($17,659.35), and November ($2,806.00) of 2005. (Docket No. 216, Exhibits 1-4; Docket No. 225, Exhibit 7). Subtracting the amounts identified above still leaves $299,132.35. This amount must be reduced for the following reasons.

First, a sizable amount of the fees requested are related to Robbins' pursuit of attorney's fees. Looking through the bills, the following entries are directly related to

-14-

Robbins' pursuit of fees: Motion for Attorney Fees - Filed ($19,113.00); Reply in Support of Motion for Attorney Fees ($7,325.00); Response to Woodhaven's Motion to Reconsider Order Granting Fees and Costs ($1,265.00); Motion for Partial Reconsideration of Order Denying Attorney Fees and Costs ($3,777.00); Brief for Costs on Remand ($12,352.50). Also related to the request for fees are the pre-bills for September through November 2005 ($25,638.50 plus $17,659.35 plus $2,806.00). Moreover, both appeals were taken, at least in part, in pursuit of attorney's fees. Robbins spent $3,038.00 on the first appeal and $43,109.00 on the second. Adding it all up, that makes $136,083.35 either directly or indirectly related to Robbins' pursuit of fees. The Supreme Court cautions that "[a] request for attorney's fees should not result in a second major litigation, " yet that is exactly what this has become. *Hensley*, 461 U.S. at 437. While the Court is inclined to allow some fees relating to Robbins' pursuit of fees, $136,000.00 is an absurd amount.

Second, without examining each individual entry in all of Robbins' submitted bills and pre-bills, the Court must take into consideration that Robbins was both defending itself against Woodhaven and pursuing a cross-claim against the Hotzes. The Court was able to exclude some of the categories based on this distinction. However, some of the categories do not lend themselves to easy separation. A reduction should be made to take this into account.

Finally, the Court is quite familiar with the course of this litigation and Robbins' litigiousness therein. The Court has no choice but to conclude, in some degree, that the amount of fees incurred by Robbins is a direct result of overzealous litigation.

-15-

Accordingly, the Court will award Robbins $75,000.00 in attorney's fees. This amount takes into account all of the fees outlined above, including those spent on appellate litigation,[4] as well as costs expended in the course of the litigation.[5] It also encompasses the prior award of fees pursuant to Robbins' motion to compel discovery.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Robbins is awarded **$75,000.00** in attorney's fees pursuant to 17 U.S.C. § 505. Woodhaven is directed to arrange for payment of this amount to Robbins in a manner that is mutually convenient.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2007.

                                                **SO ORDERED,**

                                                **s/ Rudolph T. Randa**
                                                **HON. RUDOLPH T. RANDA**
                                                **Chief Judge**

---

[4] Woodhaven objects to the award of fees related to litigation in the Seventh Circuit. Nothing precludes this Court from making such an award. A petition for entitlement to appellate fees may be filed in either the district court or the court of appeals. *See Jannotta v. Subway Sandwich Shops, Inc.*, 225 F.3d 815, 819-20 (7th Cir. 2000). Woodhaven also argues that no fees are allowed for the second appeal because the Seventh Circuit held that "No costs are awarded to either party on this appeal." *Woodhaven Homes*, 396 F.3d 822, 825 (7th Cir. 2005). However, the general rule is that a mandate that the parties bear their own costs is not a determination with respect to attorney's fees. *See Ekanem v. Health and Hospital Corp.*, 778 F.2d 1254, 1257 (7th Cir. 1985).

[5] The Court did not explicitly include the table of costs in its calculations in the course of this opinion, but considers the $75,000 award to be fully compensatory with respect to attorney's fees and costs.